IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TY K. LEYLAND,<br><br>                 Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | MEMORANDUM DECISION AND<br>ORDER DENYING § 2255 PETITION<br><br>Case No.  2:07CV680DAK |

This matter is before the court on Petitioner Ty K. Leyland's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  A hearing on the petition was held on May 12, 2011.  At the hearing, Mr. Leyland was represented by Rodney G. Snow and Anneli R. Smith, and the United States was represented by Vernon G. Stejskal.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this petition.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## I.  BACKGROUND

Mr. Leyland seeks to vacate his sentence and be resentenced based upon alleged ineffective assistance of counsel at his trial and sentencing.  In his April 2005 trial before the Honorable Judge Paul Cassell, Mr. Leyland was convicted of attempting to manufacture methamphetamine ("meth") and of possessing precursor chemicals with

intent to manufacture meth.

In August 2005, he was sentenced to 151 months, based on government testimony at trial that 110 grams of red phosphorous seized in this case would have yielded 110 grams of methamphetamine.[1]  This calculation is at the heart of this § 2255 motion.  Mr. Leyland believes his counsel unreasonably failed to object to or otherwise challenge this testimony, which was offered by a detective who, Mr. Leyland argues, was not qualified to testify about conversion rates of precursor chemicals.  Mr. Leyland has provided an affidavit from a forensic toxicologist who states that the detective's testimony is chemically impossible, and that the amount of actual meth likely to be produced with the chemicals seized was a mere 7 grams.  Using the applicable guidelines, Mr. Leyland argues that his sentencing range would have been 78-97 months rather than a range of 151-188 months.

Mr. Leyland has also provided affidavits from two local, highly respected criminal defense attorneys, stating that, in their opinions, Mr. Leyland's counsel was ineffective in that he did not have his own drug-quantity expert and did not challenge–at trial or at sentencing–the detective's unreliable testimony.   Both affiant attorneys opine that Mr. Leyland's counsel's failure to challenge the testimony of a non-chemist as to drug quantity resulted in prejudice to Mr. Leyland and that his counsel's performance fell below an objective standard of reasonableness.

---

[1] Mr. Leyland appealed his conviction and sentence, and the Tenth Circuit affirmed the district court in September 2006.

2

## II.  DISCUSSION

To establish a "meritorious claim of ineffective assistance of counsel," the petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996). Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94. In other words, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

The court finds that Mr. Leyland has not met the *Strickland* burden of demonstrating his counsel's performance was constitutionally deficient or that any such deficient performance was prejudicial.

Addressing these elements in reverse order, the court first finds that Mr. Leyland

has not established that he was prejudiced by any alleged deficient performance by his counsel. Detective Boelter's testimony about the amount of meth was not the only testimony concerning meth amounts. As the Tenth Circuit noted on appeal, "[t]here was additional evidence that Mr. Leyland was involved with substantial quantities of methamphetamine – an associate of Mr. Leyland testified that he 'cooked' two to eight ounces of methamphetamine 'once or maybe twice a week' for a period of time." *United States v. Leyland*, No. 05-4214, p.10 (10th Cir. 2006).

In addition, Judge Cassell stated at the sentencing hearing that the drug quantity determination of only 110 grams of actual methamphetamine "is a conservative estimate since it assumes, contrary to common sense, that th[e time Mr. Leyland's garage was raided and the precursor chemicals were discovered] was the only time that this laboratory was used at all. And common sense would suggest that it was used on other occasions." *Id*. Taking these findings together, the estimate of 110 grams of actual methamphetamine is supported by the record, wholly apart from Detective Boelter's testimony.

Moreover, it is permissible and proper for the sentencing court to rely on any information containing a sufficient indicia of reliability, including testimony of an accomplice, associate, or co-conspirator. *United States v. Cook*, 949 F.2d 289, 296 (10th Cir. 1991). Mr. Leyland cannot show prejudice resulting from his counsel's failure to object to Detective Boelter's drug quantity calculation because the result likely would not have been different had counsel objected. In fact, Mr. Leyland's counsel may have secured a better sentence for Mr. Leyland by not objecting at sentencing or attempting

4

to present contrary expert testimony.   Specifically, if Detective Boelter's calculation was challenged, the sentencing Court could have instead used the accomplice testimony of "2-8 ounces, once or twice a week" to find Leyland responsible for much more than 110 grams of actual methamphetamine.  That finding would have resulted in a higher base offense level, and, presumably, a higher sentence.

Next, the court also finds that Mr. Leyland has not demonstrated that his counsel's performance was constitutionally deficient.  A more thorough cross-examination of Detective Boelter was not constitutionally compelled, given the possible outcomes of that course of action, which might have demonstrated that the detective was qualified to give such an opinion.   Petitioner Leyland has not shown that this strategic decision by trial counsel was constitutionally ineffective.

As the Government points out, Mr. Leyland does not address the fact that his defense at trial was that the meth lab was not his – that he had no knowledge of methamphetamine manufacturing, and that the items found by the police were either not Mr. Leyland's, or they were for other uses.  To attack the Government's witness on the drug quantity calculation could have weakened that trial strategy.  As the Defendant's case was presented, it could have looked incongruous to the jury to simultaneously maintain that Mr. Leyland didn't know anything about a meth lab, but then to vigorously attack drug quantity. Because of the soundness of the trial strategy at the time, Mr. Leyland cannot overcome the presumption that, under the circumstances, trial counsel's decision with regard to Detective Boelter's testimony "might be considered sound trial strategy."   See *Strickland v. Washington*, 466 U.S. at 689.

5

As for the affidavits provided by Mr. Leyland from prominent, local criminal defense attorneys, the government accurately notes that (1) neither attorney claims to have ever gone to trial on a methamphetamine laboratory case, much less a meth case in which drug quantity calculations were at issue; (2) neither attorney claims any familiarity with Detective Boelter nor has any knowledge that Detective Boelter has been accepted as an expert in this area by other federal judges in other meth laboratory cases, even after extensive *Daubert* hearings; (3) neither attorney claims to have reviewed Detective Boelter's Curriculum Vitae, his expert report, or anything beyond the transcript of his testimony; and (4) neither attorney claims any knowledge of the conversion rates of any of the listed chemicals into meth.

The court agrees with the Government that this "Monday morning quarterbacking" by uninvolved defense counsel as to what they would have done is not persuasive without a full understanding of the particular facts available to trial counsel before and during the trial and sentencing. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. *See Strickland v. Washington*, 466 U.S. at 689. There were other strategies that could have been employed in defending Leyland's case, as there are in all cases. But the choice of this strategy over another by competent trial counsel was within the constitutional parameters of effective assistance.

As stated above, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686.

Given the other evidence elicited at trial about meth quantities, the Government's explanation as to the meaning of Detective Boelter's testimony,[2] and Judge Cassell's statement that the quantity on which he based his sentence was "conservative," the court cannot find that counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*.

In conclusion, Mr. Leyland has not established a claim for ineffective assistance of counsel because he has not demonstrated that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by any deficient performance by his counsel.

### III. RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[3]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not

---

[2] According to the Government, in the Salt Lake Valley at the time Mr. Leyland was caught, the "1-2-3" or "red-white-blue" method of methamphetamine manufacture was prevalent. Under this method, one gram of phosphorus plus two grams of ephedrine plus three grams of iodine produced one gram of methamphetamine. Thus, while the Government concedes that red phosphorous itself does not "convert" to methamphetamine, it explains that, under this method, one gram of red phosphorous is used–with other chemicals–to produce one gram of meth. Therefore, as the Government argues, it is entirely plausible that Mr. Leyland's counsel intentionally chose not to challenge the drug quantity calculation for a variety of reasons that were beneficial to his client.

[3] *See* Rules Governing Section 2255 Proceedings for the United States District Courts.

debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability

Accordingly, IT IS HEREBY ORDERED that Mr. Leyland's § 2255 Petition is DENIED and the court declines to issue a Certificate of Appealability. The Clerk of the Court is directed to Close this case.

DATED this 1st day of August 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge